UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN COX,

       Plaintiff,                                   Hon. Hala Y. Jarbou

v.                                                     Case No. 1:20-cv-226

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

      This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

      The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019).

The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 49 years of age on her alleged disability onset date. (ECF No. 10-5, PageID.198). She successfully completed high school and worked previously as a housekeeper, battery assembler, inspector, waitress/bartender, fast food

manager, and sandwich maker. (ECF No. 10-2, PageID.57). Plaintiff applied for benefits on April 12, 2017, alleging that she had been disabled since December 1, 2016, due to major depressive disorder, post-traumatic stress disorder (PTSD), anxiety with panic attacks, agoraphobia, fibromyalgia, degenerative disc disease, kyphosis, scoliosis, deafness in her right ear, and costochondritis. (ECF No. 10-5, 10-6, PageID.198-204, 227).

Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). (ECF No. 10-3, 10-4, PageID.106-95). Following an administrative hearing, ALJ Amy Rosenberg, in an opinion dated February 7, 2019, determined that Plaintiff did not qualify for disability benefits. (ECF No. 10-2, PageID.49-59, 64-104). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (ECF No. 10-2, PageID.35-39). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## **ANALYSIS OF THE ALJ'S DECISION**

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining her residual functional capacity.   *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.   *See* 42 U.S.C. § 423(d)(2)(A).   While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.   *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) kyphosis of the spine; (2) degenerative disc disease; (3) degenerative joint disease of the bilateral hips; (4) osteoarthritis of the knees; (5) major depressive disorder; (6) generalized anxiety disorder; and (7) PTSD, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.   (ECF No. 10-2, PageID.51-55).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can only occasionally climb, balance, stoop, kneel, crouch, or crawl; and (2) she can understand, remember, and carry out simple, routine tasks, and can make simple work-related decisions with no more than occasional interaction with the public.   (ECF No. 10-2, PageID.55).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316.   In satisfying this burden, the ALJ may rely on a vocational expert's testimony.   *Ibid.*

In this case, a vocational expert testified that there existed approximately 311,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.   (ECF No. 10-2, PageID.99-102).   This represents a significant number of jobs.   *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").   The vocational expert further testified that if Plaintiff were further limited to the performance of sedentary work, there still existed approximately 121,000 jobs in the national economy which Plaintiff would be able to perform.   (ECF No. 10-2,

PageID.102). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

**I.     Listings 12.04, 12.06, and 12.15**

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments, which, if present to the severity detailed therein, result in a finding that the claimant is disabled. Plaintiff argues that she is entitled to relief because the ALJ's decision that she fails to satisfy Listings 12.04, 12.06, or 12.15 is not supported by substantial evidence.

Listing 12.04 addresses depressive, bipolar and related disorders. Listing 12.06 addresses anxiety and obsessive-compulsive disorders. Listing 12.15 addresses trauma and stressor-related disorders. While these three Listings concern different impairments, the showing necessary to satisfy each is similar. Each Listing contains three separate criteria, identified as A, B, and C criteria. The A criteria examines whether the claimant suffers from an impairment addressed by the Listing. The B and C criteria, on the other hand, assess the severity of any such impairment. To satisfy any of these Listings, Plaintiff must satisfy the A criteria and either the B or C criteria.

With respect to these Listings, the ALJ found that Plaintiff satisfied the A criteria, but failed to satisfy either the B or C criteria. (ECF No. 10-2, PageID.53). Plaintiff argues that the ALJ erred by failing to find that she satisfied the B criteria.[1] The B criteria are identical for all three Listings in question:

> B.  Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
>   1.  Understand, remember, or apply information.
>
>   2.  Interact with others.
>
>   3.  Concentrate, persist, or maintain pace.
>
>   4.  Adapt or manage oneself.

Specifically, The ALJ found that Plaintiff experiences mild limitations in her ability to: (a) understand, remember, or apply information, and (b) adapt or manage oneself. The ALJ also found that Plaintiff experiences moderate limitations[2] in her ability to: (a) interact with others, and (b) concentrate, persist, or maintain pace.

---

[1] Plaintiff has failed to advance any argument that she satisfies the C criteria and has, therefore, waived any such argument. *See, e.g., United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones"); *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

[2] A limitation is considered "moderate" if the claimant's ability to function "independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R., Part 404, Subpart P, Appendix 1 § 12.00F.

(ECF No. 10-2, PageID.54).  Plaintiff argues that the ALJ erred by failing to find that she experiences marked limitations[3] in these latter two categories.  (ECF No. 14, PageID.712).

At the administrative hearing, Plaintiff reported that she suffers from agoraphobia and, therefore, "[does not] like to leave the house or deal with people." (ECF No. 10-2, PageID.88).  She reported that she is unable to eat out and makes her son and boyfriend "do most of [the] shopping."  (*Id.*, PageID.88).  Plaintiff also reported that "concentrating is hard" and "remembering is hard."  (*Id.*, PageID.89). While the Court does not doubt that Plaintiff experiences difficulties in the two areas of functioning at issue, the evidence simply fails to support the argument that she experiences "marked" limitations in either category.

Treatment notes from Plaintiff's mental health counselors do not advance Plaintiff's position.  Aside from observing that Plaintiff experienced anxiety regarding a lawsuit she was involved in against a former employer, Plaintiff's counselors consistently reported that Plaintiff's emotional status was unremarkable. (ECF No. 10-9, 10-13, PageID.398-424, 644-98).  The results of a psychological consultive examination likewise failed to indicate that Plaintiff is impaired to the extent alleged.  (ECF No. 10-9, PageID.391-96).  Finally, care providers treating Plaintiff's physical ailments repeatedly observed no deficiencies regarding Plaintiff's

---

[3] A limitation is considered "marked" when it "seriously limit[s]" the claimant's ability to function "independently, appropriately, effectively, and on a sustained basis."  20 C.F.R., Part 404, Subpart P, Appendix 1 § 12.00F.

mental status or functioning. (ECF No. 10-8, 10-9, PageID.347, 350, 354, 357, 440, 443, 446, 449, 452, 456, 465, 472).

Plaintiff bears the burden to demonstrate that she satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). The evidence fails to support the argument that Plaintiff experiences marked limitations in her ability to (a) interact with others or (b) concentrate, persist, or maintain pace. Accordingly, the undersigned finds that the ALJ's conclusion that Plaintiff failed to satisfy Listings 12.04, 12.06, or 12.15 is supported by substantial evidence. This argument is, therefore, rejected.

## II.    Plaintiff's RFC

A claimant's RFC represents the "most [a claimant] can still do despite [her] limitations." *Sullivan v. Commissioner of Social Security*, 595 Fed. Appx. 502, 505 (6th Cir., Dec. 12, 2014); *see also*, Social Security Ruling 96-8P, 1996 WL 374184 at *1 (Social Security Administration, July 2, 1996) (a claimant's RFC represents her ability to perform "work-related physical and mental activities in a work setting on a regular and continuing basis," defined as "8 hours a day, for 5 days a week, or an equivalent work schedule"). The ALJ concluded that Plaintiff can perform a limited range of light work. Plaintiff argues that the ALJ failed to consider her need to use a cane for ambulation or the impact her emotional impairments have on her ability to perform work activities.

In assessing Plaintiff's RFC, the ALJ considered Plaintiff's emotional impairments. Specifically, the ALJ limited Plaintiff to simple, routine tasks, involving simple work-related decisions, and with no more than occasional interaction with the public. As the evidence cited in the preceding section reveals, the record does not support greater limitations in this regard.

The record likewise does not support the need for Plaintiff to use a cane to ambulate. Diagnostic examinations of Plaintiff's spine, hips, and knees revealed "mild," "moderate," and "minimal" findings. (ECF No. 10-8, PageID.342-44, 388). Physical examinations revealed no indication that Plaintiff required a cane to ambulate. (ECF No. 10-8, 10-9, 10-10, PageID.363-83, 464-98). To the contrary, Plaintiff demonstrated the ability to ambulate without difficulty and Romberg testing[4] was negative. (ECF No. 10-9, PageID.393, 466, 473). Plaintiff refused to participate in physical therapy when such was recommended by her care providers. (*Id.*, PageID.460, 474). As one care provider stated, Plaintiff "is not motivated to participate in physical therapy." (*Id.*, PageID.462). Plaintiff was also cautioned "regarding over dependence on opioid medications." (*Id.*, PageID.460, 466). In May 2018, Plaintiff reported that following a change in diet her energy level had increased and that she was able to ride her bike without difficulty. (ECF No. 10-10,

---

[4] Romberg test is a neurological test designed to detect poor balance. *See* Romberg Test, available at http://www.mult-sclerosis.org/RombergTest.html (last visited on December 21, 2020). The patient stands with her feet together and eyes closed. The examiner will then push her slightly to determine whether she is able to compensate and regain her posture. *Id.*

PageID.489). In response, Plaintiff was encouraged to continue riding her bike and "doing other exercises." (*Id.*, PageID.491).

The ALJ is tasked with determining a claimant's RFC. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c). While the ALJ may not "play doctor" and substitute her own opinion for that of a medical professional, the ALJ is not required to tailor her RFC assessment to any particular opinion or item of medical evidence. *See, e.g., Poe v. Commissioner of Social Security*, 342 Fed. Appx. 149, 157 (6th Cir., Aug. 18, 2009). Instead, the ALJ is "charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of her residual functional capacity." *Webb v. Commissioner of Social Security*, 368 F.3d 629, 633 (6th Cir. 2004). This is precisely what the ALJ in this matter did and the ALJ's RFC assessment is supported by substantial evidence. Accordingly, this argument is rejected.

### III. The ALJ Properly Relied on the Testimony of a Vocational Expert

As noted above, a vocational expert testified that there existed a significant number of jobs that Plaintiff can perform despite her functional limitations. Plaintiff argues that the jobs identified by the vocational expert require the performance of activities which she cannot perform. Thus, Plaintiff argues that the ALJ's reliance on the vocational expert's testimony does not constitute substantial evidence.

While the ALJ may satisfy her burden through the use of hypothetical questions posed to a vocational expert, such questions must accurately portray Plaintiff's physical and mental impairments.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996).  The hypothetical question which the ALJ posed to the vocational expert simply asked whether there existed jobs which an individual could perform consistent with Plaintiff's RFC, to which the vocational expert indicated that there existed a significant number of such jobs.  The ALJ's RFC determination is supported by substantial evidence and there was nothing improper or incomplete about the hypothetical questions the ALJ posed to the vocational expert.  The Court concludes, therefore, that the ALJ properly relied upon the vocational expert's testimony.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: December 28, 2020                    /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge