UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN COX,

    Plaintiff,

v.

                                          Case No. 1:20-cv-226

ANDREW M. SAUL,
Commissioner of Social Security,          Hon. Hala Y. Jarbou

    Defendant.
_____/

## ORDER

This is an action for review of the Commissioner of Social Security's denial of Plaintiff's claim for disability insurance benefits.  The magistrate judge issued a Report and Recommendation (R&R, ECF No. 18) recommending that the Court affirm the Commissioner's decision.  Before the Court is Plaintiff's objections to the R&R (ECF No. 19).  For the reasons herein, the Court will deny the objections and adopt the R&R.

### I. Standard

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct *de novo* review of those portions of the R&R to which objections have been made.  Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Furthermore, as the magistrate judge recognized, this Court's review of the Commissioner's decision "is limited to determining whether the Commissioner applied the proper

legal standards and whether there exists in the record substantial evidence supporting that decision." *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 224-25 (6th Cir. 2019).

## II. Objections

Plaintiff argues that the administrative law judge (ALJ) improperly found that Plaintiff's mental and emotional impairments in Listings 12.04, 12.06, and 12.15, *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, did not satisfy the "B criteria" for these listings. (*See* R&R 7-9.) Plaintiff argued that she had "marked" limitations in her ability to interact with others and in her ability to concentrate, persist, or maintain pace. However, the ALJ disagreed and the magistrate judge determined that the ALJ's findings were supported by substantial evidence. (*Id.*)

Plaintiff argues that the magistrate judge ignored some of the evidence in the record; however, Plaintiff cannot succeed by attempting to rely only on evidence that purports to support her claim. If substantial evidence supports the ALJ's decision, the Court must affirm it. *See Tweedle v. Comm'r of Soc. Sec.*, 731 F. App'x 506, 508 (6th Cir. 2018) ("Tweedle for the most part highlights only the evidence that supports his claims for benefits, which is not the proper inquiry."); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.").

The Court agrees with the magistrate judge that substantial evidence supports the ALJ's decision. (*See* R&R 8-9 (identifying evidence).) Plaintiff asserts that it was "understandable" that doctors who treated her for "pain and other physical conditions did not make notes that show [her] mental status is disturbed." (Pl.'s Obj. 3.) Plaintiff argues that "mental problems are for [] mental therapists to contend with." (*Id.*) However, the R&R cited evidence from Plaintiff's mental health counselors, who "consistently reported that Plaintiff's emotional status was unremarkable."

(R&R 8.) They did not report significant limitations in Plaintiff's ability to interact with others or to concentrate. Thus, Plaintiff's first objection is meritless.

Next, Plaintiff contends that the ALJ did not adequately consider her agoraphobia or need for a cane when determining her residual functional capacity (RFC). However, the magistrate judge properly determined that the ALJ accounted for Plaintiff's emotional impairments when limiting Plaintiff to "simple, routine tasks . . . with no more than occasional interaction with the public." (R&R 10.) Plaintiff argues that her agoraphobia would preclude her from working a full workweek, but as the magistrate judge noted, the record did not support such a limitation. (*Id.*)

The Court also agrees with the magistrate judge that substantial evidence in the record indicated that Plaintiff did not need the use of a cane when ambulating. (*See* R&R 10 (citing evidence).) Plaintiff refers to her statement that she needed the use of a cane, and the fact that a physical therapist prescribed one for her use, but that evidence alone does not change the result. Accordingly, Plaintiff's objections regarding the RFC are meritless.

Next, Plaintiff contends that the magistrate judge improperly substituted a new rationale in place of one given by the ALJ, but Plaintiff does not explain precisely how and where the magistrate judge did this. To the extent Plaintiff complains about the magistrate judge's recitation of evidence not expressly mentioned by the ALJ, her complaint is unfounded. This Court can cite evidence in the record that supports the ALJ's findings, even if the ALJ did not cite that evidence. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("The court may review Dr. Haun's report, in its consideration of the record as a whole, to determine if the ALJ's decision was based upon substantial evidence, even if the ALJ failed to cite the report in its conclusion."). Thus, this objection is also meritless.

Finally, Plaintiff suggests that the ALJ improperly relied upon the testimony of a vocational expert by not asking questions of the expert that considered Plaintiff's limitations. This objection is a rehash of Plaintiff's objections to the RFC. The magistrate judge properly determined that substantial evidence supported the RFC. Because the ALJ simply asked the vocational expert whether there existed jobs that an individual could perform with Plaintiff's RFC, there was nothing improper about the ALJ's reliance on the testimony of the vocational expert. (*See* R&R 12.)

Accordingly,

**IT IS ORDERED** that Plaintiff's objections to the R&R (ECF No. 19) are **DENIED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 18) is **ACCEPTED** and **ADOPTED** as the opinion of the Court.

A judgment will enter consistent with this Order.


Dated: February 8, 2021                    /s/ Hala Y. Jarbou
                                           HALA Y. JARBOU
                                           UNITED STATES DISTRICT JUDGE